# NO. 12-24-00228-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVE CABELLO,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Steve Cabello, acting pro se, filed a notice of appeal from the denial of his motion for a free record. In a criminal case, the appellant perfects an appeal by timely filing a sufficient notice of appeal. TEX R. APP. P. 25.2(b). The notice of appeal must be filed (1) within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order, or (2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX R. APP. P. 26.2(a). The appellate court may extend the time for filing a notice of appeal if, within fifteen days after the deadline for filing the notice, the party files in the trial court the notice of appeal and files in the appellate court a motion complying with Rule 10.5(b). TEX R. APP. P. 26.3.

The denial of a motion to obtain a free record is not an appealable order. *Poole v. State*, No. 14-14-00081-CR, 2014 WL 1268617, at *1 (Tex. App.—Houston [14th Dist.] Mar. 27, 2014, no pet.) (per curiam) (mem. op., not designated for publication); *see Rice v. State*, No. 11-20-00196-CR, 2020 WL 5491191, at *1 (Tex. App.—Eastland Sept. 11, 2020, no pet.) (per curiam) (mem. op., not designated for publication). But even if it was appealable, the trial court signed the order on March 15, 2024. Appellant filed his notice of appeal on July 17, after expiration of the time for filing a timely notice of appeal or a timely motion for extension. On

July 19, the Clerk of this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX R. APP. P. 26.2(a), 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before July 29 to show this Court's jurisdiction. Appellant filed a motion for extension of time to file his notice of appeal, along with an amended notice of appeal that does not demonstrate this Court's jurisdiction.

"[A]ppeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." ***State ex rel. Lykos v. Fine***, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2, 26.3; *see also* ***Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because the denial of a motion for free record is not appealable and Appellant's notice of appeal was not timely filed, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***. *See* ***Olivo***, 918 S.W.2d at 522*; see also* TEX. R. APP. P. 43.2(f). All pending motions are ***overruled as moot***.

Opinion delivered August 7, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 7, 2024**

**NO. 12-24-00228-CR**

**STEVE CABELLO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1230-21)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*